STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>MARK CHAVEZ, an individual,<br><br>Defendant. | Case No.: 2:10-cv-0584<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Mark Chavez ("Mr. Chavez"), on information and belief:

### NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

### PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

1

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Secretary of State of Nevada.

4. Mr. Chavez is, and has been at all times relevant to this lawsuit, proprietor of www.thelobolair.com (the "LoboLair Website").

## JURISDICTION

5. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

6. Mr. Chavez purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

7. Mr. Chavez purposefully directs and effectuates the unauthorized reproduction of Righthaven-owned copyrighted works at the LoboLair Website.

8. Mr. Chavez's unauthorized reproduction of Righthaven-owned copyrighted works found on the LoboLair Website is purposefully targeted to Nevada residents.

9. Mr. Chavez copied, on an unauthorized basis, the literary work entitled "Future point guard set to sign 2008," attached hereto as Exhibit 1 (the "Future Point Guard Article"), from a source emanating from Nevada.

10. On or about April 16, 2008, Mr. Chavez displayed and continues to display the Future Point Guard Article on the LoboLair Website.

11. Mr. Chavez's display of the Future Point Guard Article was and is purposefully directed at Nevada residents.

12. Mr. Chavez copied, on an unauthorized basis, the literary work entitled "Mountain West's opening act:  Rebels' drama nearly a flop," attached hereto as Exhibit 2 (the "Opening Act Article"), from a source emanating from Nevada.

13. On or about January 4, 2009, Mr. Chavez displayed and continues to display the Opening Act Article on the LoboLair Website.

14. Mr. Chavez's display of the Opening Act Article was and is purposefully directed at Nevada residents.

15. Mr. Chavez copied, on an unauthorized basis, the literary work entitled "Utes' Boylen: MWC needs to schedule tougher teams," attached hereto as Exhibit 3 (the "Tougher Teams Article"), from a source emanating from Nevada.

16. On or about May 25, 2009, Mr. Chavez displayed and continues to display the Tougher Teams Article on the LoboLair Website.

17. Mr. Chavez's display of the Tougher Teams Article was and is purposefully directed at Nevada residents.

18. Mr. Chavez copied, on an unauthorized basis, the literary work entitled "Formula supports Utah's Nevill as Player of Year," attached hereto as Exhibit 4 (the "Neville Article"), from a source emanating from Nevada.

19. On or about March 11, 2009, Mr. Chavez displayed and continues to display the Neville Article on the LoboLair Website.

20. Mr. Chavez's display of the Neville Article was and is purposefully directed at Nevada residents.

21. Mr. Chavez copied, on an unauthorized basis, the literary work entitled "Kruger rejects Rebels' 'fatigue'," attached hereto as Exhibit 5 (the "Fatigue Article"), from a source emanating from Nevada.

22. On or about March 10, 2008, Mr. Chavez displayed and continues to display the Fatigue Article on the LoboLair Website.

23. Mr. Chavez's display of the Fatigue Article was and is purposefully directed at Nevada residents.

24. Mr. Chavez copied, on an unauthorized basis, the literary work entitled "Alford takes aim at Rebels again," attached hereto as Exhibit 6 (the "Takes Aim Article"), from a source emanating from Nevada.

25. On or about February 2, 2008, Mr. Chavez displayed and continues to display the Takes Aim Article on the LoboLair Website.

26. Mr. Chavez's display of the Takes Aim Article was and is purposefully directed at Nevada residents.

27. Mr. Chavez copied, on an unauthorized basis, the literary work entitled "UNLV SHARES MWC LEAD: Terry on target at right time," attached hereto as Exhibit 7 (the "MWC LEAD Article"), from a source emanating from Nevada.

28. On or about January 7, 2008, Mr. Chavez displayed and continues to display the MWC LEAD Article on the LoboLair Website.

29. Mr. Chavez's display of the MWC LEAD Article was and is purposefully directed at Nevada residents.

30. Mr. Chavez copied, on an unauthorized basis, the literary work entitled "Terry's hot hand lifts Rebels," attached hereto as Exhibit 8 (the "Hot Hand Article"), from a source emanating from Nevada.

31. On or about January 16, 2008, Mr. Chavez displayed and continues to display the Hot Hand Article on the LoboLair Website.

32. Mr. Chavez's display of the Hot Hand Article was and is purposefully directed at Nevada residents.

33. Mr. Chavez copied, on an unauthorized basis, the literary work entitled "Rebels struggle to gain altitude; Air Force soars," attached hereto as Exhibit 9 (the "Altitude Article"), from a source emanating from Nevada.

34. On or about January 13, 2008, Mr. Chavez displayed and continues to display the Altitude Article on the LoboLair Website.

35. Mr. Chavez's display of the Altitude Article was and is purposefully directed at Nevada residents.

36. Mr. Chavez copied, on an unauthorized basis, the literary work entitled "Terry must be Rebel's strong point," attached hereto as Exhibit 10 (the "Strong Point Article"), from a source emanating from Nevada.

37. On or about January 12, 2008, Mr. Chavez displayed and continues to display the Strong Point Article on the LoboLair Website.

38. Mr. Chavez's display of the Strong Point Article was and is purposefully directed at Nevada residents.

39. Mr. Chavez's contacts with Nevada are systematic and continuous because Mr. Chavez publishes and republishes, on a near-daily basis since on or about January 12, 2008, content emanating from Nevada, originally published in daily newspapers published in Nevada.

40. Mr. Chavez's contacts with Nevada are systematic and continuous because Mr. Chavez publishes and republishes content relating to college sports activities in the State of Nevada, including activities related to the coaches, recruits and athletes at University of Nevada at Las Vegas.

## VENUE

41. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

42. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(3) and § 1400(a), because Mr. Chavez may be found in Nevada.

## FACTS

43. Righthaven is the copyright owner of the literary work entitled "Alford fights Mountain West curse" (the "Work"), attached hereto as Exhibit 11.

44. The Work was originally published on March 3, 2010.

45. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

46. On April 5, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007122482 (the "Registration") and attached hereto as Exhibit 12 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

47. Mr. Chavez owns the LoboLair Website domain.

48. Mr. Chavez is identified as the registrant, administrator, and technical contact for the LoboLair Website domain.

49. No later than March 18, 2010, Mr. Chavez reproduced an unauthorized copy of the Work (the "Infringement"), attached hereto as Exhibit 13, on the LoboLair Website.

50. Mr. Chavez did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

51. Mr. Chavez was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

### CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

52. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 51 above.

53. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

54. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

55. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

56. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

57. Mr. Chavez reproduced the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

58. Mr. Chavez created an unauthorized derivative of the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

59. Mr. Chavez distributes unauthorized reproductions of the Work via the LoboLair Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

60. Mr. Chavez publicly displays an unauthorized reproduction of the Work at the LoboLair Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

61. Mr. Chavez has willfully engaged in the copyright infringement of the Work.

62. Mr. Chavez's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

63. Unless Mr. Chavez is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Mr. Chavez of the Work, pursuant to 17 U.S.C. §502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Mr. Chavez, and Mr. Chavez's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under Mr. Chavez, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct Mr. Chavez to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to Mr. Chavez's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the LoboLair Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Mr. Chavez has communicated regarding Mr. Chavez's use of the Work; and

   c. All financial evidence and documentation relating to Mr. Chavez's use of the Work;

3. Direct NameSecure.com and any successor domain name registrar for the LoboLair Website domain to lock the LoboLair Website domain and transfer control of the LoboLair Website domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

6. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this twenty-second day of April, 2010.

RIGHTHAVEN LLC

By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff